IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joshua Jordan,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Payment Saver, LLC, and Casey Graham,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 4:24-cv-00890-JD-TER<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT IN LIEU OF BRIEF** |

Defendants, Payment Saver, LLC ("Payment Saver") and Casey Graham ("Graham") (collectively referred to as "Defendants"), by and through their undersigned counsel, respectfully submit this *Response in Opposition to Plaintiff's Motion to File Amended Complaint in Lieu of Brief*. This brief is submitted in response to Plaintiff's filing, dated October 4, 2024, requesting the Court's permission to file an amended complaint in lieu of a brief. (D.E. No. 38.). This Court should deny Plaintiff's request to amend pursuant to Rule 15(a), FRCP, because a procedural rule cannot be utilized to cure lack of subject matter jurisdiction. Additionally, Plaintiff has no standing to sue and cannot state a claim under the Lanham Act as a matter of law, and therefore the proposed amendment is futile. Thus, there is no basis for invoking federal question jurisdiction, and this action should be dismissed.

**LEGAL STANDARD**

Plaintiff seeks to invoke federal subject matter jurisdiction by amending the original complaint to include a claim for false advertising under 15 U.S.C. § 1125(a) of the Lanham Act, thereby obtaining federal question jurisdiction pursuant to 28 U.S.C.A. § 1331. (D.E. No. 38). Federal district courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A suit will arise under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 1272 (2009); *Richard v. Tallant*, No. 20-1752, 2022 WL 2526680 (4th Cir. 2022). Defendants concede a claim under § 1125(a) of the Lanham Act, when asserted by a party with standing who can state a claim for relief, constitutes a civil action arising under the Constitution which properly invokes federal question jurisdiction.

Plaintiff's motion to amend the original complaint is governed by Federal Rules of Civil Procedure 15(a)(2) and Local Rule 7.05 of the District of South Carolina. Assuming the Court considers Plaintiff's motion despite its current lack of jurisdiction, under Rule 15(a)(2), courts should freely give leave "when justice so requires." The decision of whether to grant or deny leave to amend is within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 229 (1962). The Fourth Circuit has held that under normal circumstances, courts should "liberally allow amendment". *Galustian v. Peter*, 591 F.3d. 724, 729 (4th Cir. 2010). However, this judicial rule of thumb does not apply when the proposed amendment would be futile. *In re Triangle Capital Corp.* 988 F.3d 743, 750 (4th Cir. 2021) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). Proposed amendments are futile if the new material is "clearly insufficient or frivolous on its face", *In re Triangle Corp.*, 988 F.3d at 750, or fails to state a claim upon which relief can be granted, thus failing Rule 12(b)(6) scrutiny, *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

# ARGUMENT

**(A) The Court's lack of subject matter jurisdiction cannot be cured by a procedural rule.**

As a threshold matter, Defendants challenge Plaintiff's ability to cure the lack of subject matter jurisdiction by utilizing a procedural rule. It is readily apparent through the parties' submissions to date that this Court lacks subject matter jurisdiction over the original Complaint. Plaintiff's decision to file a Motion to Amend in lieu of briefing subject matter jurisdiction confirms the Court presently lacks jurisdiction over this action. The Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts." Rule 82, FRCP. While Defendants have not identified binding precedent, an unpublished Fourth Circuit opinion supports the notion that the Court should not entertain a procedural motion to cure the absence of subject matter jurisdiction. In *House v. Mitra QSR KNE LLC*, the Fourth Circuit addressed whether an attempted substitution of the real party in interest pursuant to Rule 17 could cure a jurisdictional defect. 796 F. App'x 783 (4th Cir. 2019). The Court answered that question in the negative, observing: "A procedural rule cannot revive a lawsuit that a federal court lacks power to adjudicate at the outset." *Id.* at 788. The Fourth Circuit continued:

> As we have explained, jurisdiction is a threshold issue, determined at the time of filing. And when jurisdiction does not exist at that time, the court's only role is to dismiss the case: If a plaintiff lacks standing, the federal "courts have no business deciding [the case], or expounding the law in the course of doing so."

*Id.* (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006))(other citations omitted). *See also Cliffs Nat. Res. Inc. v. Seneca Coal Res., LLC*, No. CV 17-567, 2018 WL 2012900, at *5 (D. Del. Apr. 30, 2018)("Simply put, because federal diversity jurisdiction does not exist, I have no jurisdiction to consider Plaintiffs' Motion [to Dismiss]".) The same reasoning applies to the instant action. The Court presently lacks subject

matter jurisdiction, and Plaintiff should not be permitted to utilize a procedural rule to cure this jurisdictional defect.

### (B)  Plaintiff Joshua Jordan has no individual claim under the Lanham Act

Even if the Court entertains Plaintiff's Motion to Amend, it should be denied as futile. Plaintiff has no individual claim arising under § 1125(a) of the Lanham Act. The United States Supreme Court in *Lexmark* decisively rejected a "literal" reading of § 1125(a) of the Lanham Act purporting to allow "any person who believes that he or she is likely to be damaged" to sue. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129, 134 S. Ct. 1377, 1388 (2014).  Instead, standing under § 1125(a) is determined by assessing whether a plaintiff falls within the Act's "zone of interests" and alleges injury proximately caused by a defendant's conduct. *Id.* In false advertising actions, a plaintiff must demonstrate "an injury to a *commercial* interest in reputation or sales" and such commercial injury "*flowing directly* from the deception wrought by the defendant's advertising." *Lexmark*, 572 U.S. at 132, 134 S. Ct. at 1390-91 (emphasis added). Such a showing is generally not made when the alleged deception produces injuries to a separate commercial actor which thereby has a cascading, negative affect on the plaintiff. *Id*.

The Fourth Circuit has strongly implied that *Lexmark* outright bars individual consumers from using the Lanham Act as a basis of relief. *Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292 (4th Cir. 2017) ("[W]e have made clear that the indispensable fifth element of a Lanham Act claim is that the Plaintiff has been or is likely to be injured as a result of the [alleged] misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its product."). The Ninth Circuit has similarly held individual consumers do not have

standing under the Lanham Act. *Lewis v. Google LLC*, 851 Fed.Appx. 723, 724-25 (9th Cir. 2021) ("[Plaintiff] asserted claims as a consumer on the Google platform and not as a competitor with a commercial interest in reputation or sales. Accordingly, the district court properly dismissed [Plaintiff's] Lanham Act claim for failure to state a claim."). Furthermore, the Sixth Circuit recently held the Act provides a cause of action "*only for businesses* that suffer commercial injuries." *Lewis v. Acuity Real Estate Services*, LLC, 63 F.4th 1114, 1115 (6th Cir. 2023).

Plaintiff neither falls within the Lanham Act's zone of interests nor alleges personal injury proximately caused by Defendants. First, Plaintiff cites two LinkedIn posts allegedly made by Defendants as the factual basis for Plaintiff's alleged harm ("The facts supporting the Lanham Act claim were part of the original complaint, and the amendment merely purports to add a federal claim based on the same set of facts). (D.E. No. 38-1, Para. 4). Plaintiff does not, and cannot, allege that Defendants referenced Plaintiff personally. (D.E. No. 38). Thus, Plaintiff fails to allege an injury to a commercial interest in reputation or sales, as required by the Act.

Second, Plaintiff fails to allege *direct economic harm* to Plaintiff Jordan individually. Plaintiff's complaint alleges that because of Defendant's alleged statements on LinkedIn, PreHired lost "business relationships" and future investment capital which purportedly resulted in PreHired filing Chapter 7 bankruptcy. (D.E. No. 38-1, Para. 16-19.)  If Plaintiff suffered any economic harm individually, it could only be as a result of an injury to PreHired. The United States Supreme Court rejected this type of indirect economic harm argument in *Lexmark*.

Plaintiff does not satisfy standing requirements enumerated by *Lexmark*, meaning Plaintiff has no right to sue under § 1125(a) of the Lanham Act and cannot state a claim for relief individually.

### (C) Plaintiff has no valid Assignment of Claims and therefore cannot assert PreHired's alleged Lanham Act claim.

Because Plaintiff has no individual claim arising under the Lanham Act, Plaintiff's only possible basis for relief under § 1125(a) hinges upon Plaintiff's alleged status as the "assignee of all claims PreHired may have" against Defendants. (D.E. No. 38-1, Para. 2). Absent a valid assignment of claims by PreHired to Plaintiff that includes the claims and causes of action Plaintiff alleges in his Complaint and proposed Amended Complaint, Plaintiff does not have standing to sue on behalf of PreHired. 29 Williston on Contracts § 74:48 n. 31 (4th ed.)(citing *National City Bank of Evansville v. U.S.*, 143 Ct. Cl. 154, 163 F. Supp. 846 (1958)("It is well established that an assignee stands in the shoes of the assignor, and that by assignment the assignee could acquire no greater rights than its assignor.").

The following information calls into question whether Plaintiff has, or even can have, a valid assignment of claims from PreHired:

1. The only known assignment of claims by Plaintiff to PreHired is dated June 25, 2022 (*see* Ex. A – Assignment of Claims), and purports to assign to Plaintiff "[PreHired's] right, title, and interest in all monies, payments, claims, actions, causes of action, demands and damages related to [Warren Law Group], the [Directors and Officers insurance policy dated September 20, 2021], and the [State of Washington], both known, or unknown, past, present, or future." Without conceding that the Assignment of Claims is valid, on its face, it does not include an assignment of any rights or claims PreHired may possess related in any way to Defendants.

2. On September 27, 2022, Plaintiff filed a petition for bankruptcy on behalf of PreHired, which was ultimately transferred to the United States Bankruptcy Court for the District of Delaware. The Bankruptcy Court appointed Donald A. Beskrone as Trustee.

3. On October 5, 2022, PreHired submitted its Schedule of Assets Form 206A/B to the Bankruptcy Court. Notably, this filing failed to disclose the existence of the Assignment of Claims dated June 22, 2022, failed to identify any other Assignment of Claims existing at the time, and failed to disclose any potential claims PreHired may have against Defendants as assets of Prehired. (*See* Ex. B – Form 206A/B.).

4. On December 29, 2022, PreHired did not disclose the above Assignment of Claims, or any other assignment of claims, at PreHired's Section 341 Meeting of Creditors.

5. On November 20, 2023, the Bankruptcy Court entered a Stipulated Final Judgment and Order, providing, in part, that "each of the Prehired Defendants, **whether acting directly, indirectly, or through any Person**, and the Trustee… **are permanently enjoined and restrained from operating, exercising control over, or taking action on behalf of any [PreHired entity]**." (*See* Ex. C – Stipulated Final Judgment and Order)(emphasis added).

Based on the documents and information above, Defendants submit that Plaintiff cannot have a valid assignment of claims from PreHired. The plain language of Plaintiff's June 25, 2022 Assignment of Claims does not authorize Plaintiff to sue Defendants. Furthermore, if a separate assignment of claims exists, Defendants question why Plaintiff failed to either mention or disclose such a document to the Bankruptcy Court, PreHired's Creditors, or the Trustee. Finally, even if an assignment exists that purports to assign PreHired's claims or potential claims against Defendants to Plaintiff, Plaintiff has been and is "permanently enjoined and restrained from operating, exercising control over, or taking action on behalf of any [PreHired entity]" pursuant to the terms of the Stipulated Final Judgment and Order. Pursuing the present action against Defendants undoubtedly constitutes "taking action" on behalf of PreHired. Therefore, Plaintiff

does not have the right to pursue the claims asserted in his Amended Complaint on behalf of PreHired and permitting the proposed amendment would be futile.

## CONCLUSION

Based on the foregoing, Defendants respectfully submit that Plaintiff's Motion to Amend his Complaint should be denied because Plaintiff should not be allowed to cure the lack of subject matter jurisdiction by amending his Complaint. However, even if the Court were to entertain the possibility of a motion to amend, allowing Plaintiff to amend his Complaint would be futile because Plaintiff cannot personally state a claim for violation of the Lanham Act and Plaintiff does not possess the legal right to pursue these claims on behalf of PreHired.

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

By:   *s/Jonathan G. Roquemore*
Joshua D. Shaw (Fed. ID. No. 10529)
Jonathan G. Roquemore (Fed. ID. No. 09160)
Hedrick Gardner Kincheloe & Garofalo LLP
1230 Main St., Suite 325
Columbia, SC 29201
Phone: 803-727-1200
jshaw@hedrickgardner.com
jroquemore@hedrickgardner.com

***ATTORNEYS FOR DEFENDANTS PAYMENT SAVER, LLC AND CASEY GRAHAM***

October 18, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joshua Jordan,<br><br>                              Plaintiff,<br><br>v.<br><br>Payment Saver, LLC, and Casey Graham,<br><br>                              Defendants. | Civil Action No.: 4:24-cv-00890-JD-TER<br><br>**CERTIFICATE OF SERVICE** |

This is to certify that a copy of the *Response in Opposition to Plaintiff's Motion to File Amended Complaint in Lieu of Brief* has been served upon the following by mail on this 18th day of October, 2024.

Joshua Jordan<br>
3223 Twin Church Road<br>
Timmonsville, SC 29161<br>
***Pro se Plaintiff***

                                        *s/Laurin Stevens*_____
                                        Laurin Stevens