# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PREHIRED, LLC, *et al*, | Case No. 22-11007 (JTD) |
| Debtors[1]. | (Jointly Administered) |
| STATE OF WASHINGTON; STATE OF OREGON; CALIFORNIA DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION; STATE OF DELAWARE; STATE OF MINNESOTA; STATE OF ILLINOIS; STATE OF SOUTH CAROLINA; STATE OF NORTH CAROLINA ex rel. Attorney General Joshua H. Stein.; COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF VIRGINIA; STATE OF WISCONSIN; and CONSUMER FINANCIAL PROTECTION BUREAU, | Adv. Proc. No. 23-50438 (JTD) **RELATED D.I. 14** |
| Plaintiff, | |
| v. | |
| PREHIRED, LLC, a Delaware limited liability company; PREHIRED RECRUITING, LLC, a Delaware limited liability company; PREHIRED ACCELERATOR, LLC, a Florida limited liability company, | |
| Defendants. | |

## STIPULATED FINAL JUDGMENT AND ORDER AS TO DEBTORS PREHIRED, LLC, PREHIRED RECRUITING, LLC, AND PREHIRED ACCELERATOR, LLC

Plaintiffs State of Washington, State of Oregon, the California Department of Financial Protection and Innovation ("DFPI"), State of Delaware, State of Minnesota, State of Illinois,

---

[1] The Debtors in the above-captioned chapter 7 cases, along with the last four digits of each Debtors' federal tax identification number and each Debtors' former business address, are Prehired Recruiting, LLC (4322), 8 The Green, Suite B, Dover, DE 19901; Prehired Accelerator, LLC (7910), 7910 4th St. N, St. Petersburg, FL, 33702; and Prehired, LLC (0436), 8 The Green, Suite B, Dover, DE 19901.

{01959841;v3}


EXHIBIT B

State of South Carolina, State of North Carolina, Commonwealth of Massachusetts, Commonwealth of Virginia, and State of Wisconsin (the "States"), and the Consumer Financial Protection Bureau (the "Bureau") (collectively, the "Plaintiffs") commenced this adversary proceeding on July 13, 2023 to obtain injunctive and monetary relief and civil penalties from debtors Prehired, LLC, Prehired Recruiting, LLC, and Prehired Accelerator, LLC (collectively, "Prehired Defendants"). The Complaint alleges violations of sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C §5536(a)(1)(A) and (B); the Truth in Lending Act and its implementing Regulation Z ("TILA"), 15 U.S.C. § 1638(a)(2), (3), (4), 12 C.F.R. § 1026.18(b), (d), (e); and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, in connection with Prehired Defendants' unlawful practices in originating, servicing, collecting, and enforcing Income Sharing Agreements ("ISA").

The Plaintiffs and Prehired Defendants, through Don A. Beskrone, Chapter 7 Trustee (the "Trustee") of the Prehired Defendants, agree to entry of this Stipulated Final Judgment and Order without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

The Plaintiffs and Trustee respectfully request that the Court enter this Stipulated Final Judgment and Order ("Order").

## FINDINGS

1. On September 29, 2022, before the commencement of the instant adversary proceeding, Prehired Defendants filed a voluntary petition for relief under Subchapter 5 of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, initiating a bankruptcy proceeding (the "Bankruptcy Proceeding") in the United States Bankruptcy Court for

{01959841;v3}

2

the Southern District of New York, Case Nos. 22-111293-PB (Prehired, LLC), 22-11310-PB (Prehired Accelerator, LLC), 22-11311-PB (Prehired Recruiting, LLC).

2.  On October 26, 2022, upon motion from the State of Delaware, the Bankruptcy Court for the Southern District of New York transferred venue for all three cases to the Bankruptcy Court for the District of Delaware, Case Nos. 22-11007 (JTD), 22-11005 (JTD), 22- 11006 (JTD).

3.  On November 4, 2022, the Court entered an order for joint administration of the three bankruptcy cases under Case No. 22-11007 (JTD), captioned, In re Prehired LLC, et. al.

4.  On November 22, 2022, the Court granted the Prehired Defendants' motion to convert the proceedings to Chapter 7 after the bankruptcy estate became administratively insolvent. Don A. Beskrone was appointed as the Prehired Defendants' Trustee on November 22, 2022.

5.  The Trustee is not operating the business of the Prehired Defendants and is proceeding with an orderly liquidation under Chapter 7.

6.  The Plaintiffs and the Trustee agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in this dispute arising from the conduct of Prehired Defendants alleged in the Complaint through the date this Order is entered.

7.  The automatic stay of the Bankruptcy Code does not stay the affirmative relief sought in this adversary proceeding against the Prehired Defendants because the action falls within the police and regulatory power exception to the automatic stay set forth in 11 U.S.C. §362(b)(4).

{01959841;v3 }

8. The Court has authorized the Trustee to enter into this Order by an order dated November 2, 2023, (the "Settlement Order") a copy of which is attached hereto as Exhibit A. The Bankruptcy Court's Settlement Order is now final and no longer subject to appeal.

9. The Trustee is an independent fiduciary for the Prehired Defendants and the bankruptcy Estates, having been appointed by the Office of the United States Trustee and approved by the Court. The Bureau and States make no allegations against the Trustee, but only the Prehired Defendants.

10. The Trustee enters this stipulation to resolve the claims against the Prehired Defendants.

11. The Trustee neither admits nor denies the allegations in the Complaint, except as specified in this Order. For the purposes of this Order, the Trustee admits the facts necessary to establish the Court's jurisdiction over the Prehired Defendants and the subject matter of this action.

12. This adversary proceeding is not a core proceeding but is otherwise related to a case under title 11. 28 U.S.C. § 157(c); 28 U.S.C. § 1334.

13. Venue is proper in this district pursuant to 28 U.S.C. §1409.

14. The Complaint states claims upon which relief may be granted under section 1031(a) and section 1036(a) of the CFPA, 12 U.S.C §§5531(a)(1)(A), (B), 5536(a), 5565, TILA, 15 U.S.C. § 1638(a)(2), (3), (4) and 12 C.F.R. § 1026.18(b), (d), (e), and the FDCPA, 15 U.S.C. § 1692e, and the Prehired Defendants are "covered persons" under the CFPA. The Prehired Defendants are creditors within the meaning of TILA and Regulation Z 12 C.F.R. §§ 1026.2(a)(17). Prehired Recruiting and Prehired Accelerator are "debt collectors" under the FDCPA within the meaning of 15 U.S.C. § 1692a(6).

15. During the Relevant Period, Prehired LLC offered or provided Consumer Financial Products or Services, 12 U.S.C. § 5481(5), (6), (7), and (15)(A)(i), and credit, 12 C.F.R. §§ 1026.2(a)(17) and 1026.2(a)(14). During the Relevant Period, Prehired Recruiting LLC and Prehired Accelerator, LLC, collected debts related to a Consumer Financial Product or Service. 12 U.S.C. § 5481(6) and (15)(A)(x).

16. Prehired, LLC purported to offer Vocational Education Services (as defined below) to consumers. Prehired, LLC encouraged consumers to finance the cost of those services through ISAs.

17. Prehired, LLC made deceptive representations about the ISAs, including that the ISAs were not credit and representing that repayment was contingent on the income of the student.

18. In order to collect debts related to a Consumer Financial Product or Service, Prehired Recruiting, LLC and Prehired Accelerator, LLC falsely represented the amount of debt owed by consumers, and made material misrepresentations to consumers by describing "settlement agreements" as beneficial to consumers without disclosing the true purpose of these agreements was to avoid the consumer's defenses to the original Prehired, LLC ISAs, and to impose more onerous dispute resolution and collection terms.

19. Prehired Recruiting, LLC engaged in unfair debt collection practices by seeking to collect debt in a distant forum when the consumers did not live in that forum and were not physically present in that forum when the ISAs were executed.

20. Through the violations alleged in the Complaint, the Prehired Defendants caused harm to consumers in the amount of consumers' payments, and 6% prejudgment interest on those payments, made to Prehired, LLC for educational services.

{01959841;v3 }

21. The Court finds that the acts and practices described in the Complaint are unfair, deceptive, or otherwise unlawful practices and violated 12 U.S.C. §§ 5531(a), (c) and 5536(a)(1)(A), (B), TILA, 15 U.S.C. § 1638(a)(2), (3), (4) and 12 C.F.R. § 1026.18(b), (d), (e), and the FDCPA, 15 U.S.C. § 1692e.

22. Based on the information maintained in Prehired, LLC's records and the Declaration of Mr. Forbes, the Court finds that the acts and practices alleged in the Complaint have resulted in $3,775,858.63 plus $472,390.67 in prejudgment interest at 6% in harm to Affected Consumers. To the extent that Affected Consumers made payments on a consumer financial product offered by Prehired, LLC not recorded in Prehired, LLC's existing records, the Court finds that those Affected Consumers were harmed in the amount of those payments made to Prehired Defendants or an agent of the Prehired Defendants and 6% prejudgment interest, but those amounts are currently unknown.

23. Section 1055 of the CFPA, 12 U.S.C. § 5565 empowers this Court to order, among other things, injunctive relief, monetary relief, and civil money penalties.

24. The Bureau is entitled to an Order imposing permanent injunctive relief, monetary relief, and civil money penalties.

25. Entry of this Order is in the public interest.

26. Prehired Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

{01959841;v3 }

6

27. Given that the Prehired Defendants are being liquidated under the Bankruptcy Code and are no longer doing business, and the Trustee has agreed not to seek permission to operate Prehired Defendants' businesses, the Plaintiffs have agreed not to seek certain compliance and reporting requirements.

28. The parties consent to entry of a final order by the Court in this proceeding.

## DEFINITIONS

The following definitions apply to this order:

29. The following definitions apply to this order:

    a. "Affected Consumers" includes any consumer who made payments to any person in connection with any Vocational Education Service offered by Prehired, LLC, under a consumer financial product or service, including, without limitation an income share agreement, used to finance the tuition, fee, or purchase price of such service from May 1, 2019 to March 31, 2023.

    b. "Assist[ing] Others" includes, but is not limited to:

        i. Consulting in any form whatsoever;

        ii. Providing administrative support services;

        iii. Performing customer service functions, including but not limited to, receiving or responding to consumer complaints;

        iv. Formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to, any telephone sales scripts, direct mail solicitation, or the text of any Internet website, email or other electronic communication or advertisement;

{01959841;v3 }

7

     v. Formulating or providing, or arranging for the formulation of provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services or media placementservices;

     vi. Providing names of, or assisting in generation of, potential customers;

     vii. Performing marketing, billing, or payment services of any kind,

     viii. Acting or serving as an owner or principal of any entity.

c. "Bureau" means the Consumer Financial Protection Bureau.

d. "Consumer Financial Product or Service" is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(5).

e. "Effective Date" means the Date on which this Order is entered by the Court.

f. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau or their delegate.

g. "Estates" means the bankruptcy estates created within the instant Bankruptcy Proceeding pursuant to 11 U.S.C. §541.

h. "ISA" means an Income Share Agreement or Income Sharing Agreement, or any other form of consumer credit under which borrowers repay the underlying obligation in installments over a period of time and which provide for payments based on a percentage of the borrower's income.

i. "Person" means any individual, partnership, limited liability partnership, company, limited liability company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

j. "Plaintiffs" means, collectively, the State of Washington, State of Oregon, the California Department of Financial Protection and Innovation, State of Delaware, State of Minnesota, State of Illinois, State of South Carolina, State of North Carolina, Commonwealth of Massachusetts, Commonwealth of Virginia, State of Wisconsin, and the Consumer Financial Protection Bureau.

k. "Prehired Defendants" means Prehired, LLC, Prehired Recruiting, LLC, and Prehired Accelerator, LLC, and their successors and assigns.

l. "Related Consumer Action" means a private action brought by or on behalf of one or more consumers or an enforcement action brought by another governmental agency against the Estates based on substantially the same facts as described in the Complaint.

m. "Relevant Period" means May 1, 2019, to March 31, 2023.

n. "States" means State of Washington, State of Oregon, the California Department of Financial Protection and Innovation, State of Delaware, State of Minnesota, State of Illinois, State of South Carolina, State of North Carolina, Commonwealth of Massachusetts, Commonwealth of Virginia, and State of Wisconsin.

o. "Trustee" means Don A. Beskrone, solely in his capacity as the Trustee appointed over the Prehired Defendants by the office of the United States Trustee, District of Delaware, and any successor trustee.

p. "Vocational Education Services" includes, but is not limited to any class, course, or program of training, instruction, or study, in any form or manner offered for the purpose of instructing, training, or preparing persons for any vocation or profession.

# ORDER

## I.

## Cessation of Business Activities

**IT IS ORDERED that:**

30. As of the Effective Date, each of the Prehired Defendants, whether acting directly, indirectly, or through any Person, and the Trustee, whether acting directly or through any Person, are permanently enjoined and restrained from operating, exercising control over, or taking action on behalf of, any of Prehired, LLC, Prehired Recruiting LLC, and Prehired Accelerator, LLC, and from participating in or Assisting Others in advertising, marketing, promotion, offering for sale, selling, or assisting in the sale of, or provision of any Consumer Financial Product or Services relating to Vocational Education Services including, but not limited to, offering, providing, servicing, or collecting debt relating to ISAs for Vocational Educational Services.

## II.

## Customer Information

**It is FURTHER ORDERED that:**

31. The Trustee, on behalf of and as a fiduciary for the respective Estates of the Prehired Defendants, may not: disclose, use, or benefit from customer information, including names, addresses, telephone numbers, email addresses, social security numbers, other identifying information, or any data that enables access to a customer's account that was obtained by the Prehired Defendants.

32. However, and notwithstanding the foregoing, the Trustee may disclose or ue customer information if requested by a government agency or as required by law, regulation, or court order, including without limitation, as may be required by the Bankruptcy Court in the Bankruptcy Proceeding and/or the administration of the Estates.

## III.

## Contract Cancellation

**IT IS FURTHER ORDERED that:**

33. Any ISA or other agreement Defendant Prehired LLC originated or sold to consumers to finance Vocational Education Services are declared void *ab initio* and any contract that is currently owned or held by the Estates shall be deemed rescinded without need of any further art by the Trustee, any consumer or customer, or otherwise, thereby releasing anddischarging consumers and customers from any and all obligations under those agreements. Further, the Prehired Defendants and the Trustee are permanently restrained from any attempt to collect, sell, assign, or otherwise transfer any right to collect payment from any consumer related

{01959841;v3 }

11

to any ISA or other agreement with Defendant Prehired, LLC to finance Vocational Educational Services.

## IV.

## Monetary Judgment

**IT IS FURTHER ORDERED that:**

34. A judgment for monetary harm, which includes actual pecuniary losses plus prejudgment interest, is entered in favor of the Plaintiffs and against the Prehired Defendants in the total amount of $3,775,858.63 plus 6% prejudgment interest, $472,390.67, for a total of $4,248,249.30 U.S. Dollars (the "Monetary Judgment").

35. The Monetary Judgment will be deemed to be an allowed general unsecured claim against each of the Estates, jointly and severally, in favor of the Bureau on behalf of all the Plaintiffs, subject to 11 U.S.C. §§ 507(a) and 726 governing priorities of expenses and claims in the Bankruptcy Proceeding.

36. Any funds received by the Bureau in satisfaction of the Monetary Judgment shall be deposited into a fund or funds administered by the Bureau or its agent according to applicable statutes and regulations to be used for redress for Affected Customers, including, but not limited to, refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of such redress.

37. If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. treasury. The Trustee will have no right to challenge the Bureau's choice of remedies under this Section or, any right to contest the manner of distribution chosen by the Bureau. For the avoidance of

{01959841;v3 }
12

doubt, the Trustee shall have no liability whatsoever, individually and/or in his capacity as Chapter 7 Trustee, under or in connection with this Order.

## V.

## Order to Pay Civil Monetary Penalties

**IT IS FURTHER ORDERED that:**

38. Under section 1055(c) of the CFPA, 12 U.S.C § 5565(c), by reason of violations of the law alleged in the Complaint, and taking into account the factors in 12 U.S.C. §5565(c)(3), a civil monetary penalty in favor of the Bureau and against each Defendant is ordered in the amount of $1.00 (One U.S. Dollar), which shall be deemed an allowed general unsecured claim in the Bankruptcy Proceeding and against each of the Estates.

39. The civil monetary penalty paid to the Bureau under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

## VI.

## Additional Monetary Provisions

**IT IS FURTHER ORDERED that:**

40. Subject to 11 U.S.C §§ 507(a) and 726 governing priorities of expenses and claims in the Bankruptcy Proceeding, the Trustee must relinquish all dominion, control, and title to the funds paid to the Bureau on account of its claims to the fullest extent permitted by law and no part of the funds may be returned to the Estates.

41. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, to the extent that such a Related Consumer Action is commenced in the Bankruptcy Proceeding or otherwise on notice to the Trustee while the Bankruptcy Proceeding is

pending, the Trustee must notify the Enforcement Director in writing of any such final judgment, order or settlement. Such notification must include the amount of redress, if any, that the Estate paid or is required to pay to consumers, and to the extent available to the Trustee, describe the consumers or class of consumer to whom that redress has been or will be paid.

## VII.

## Cooperation With Plaintiffs

**IT IS FURTHER ORDERED that:**

42. The Trustee shall notify the Bureau and States of the occurrence of any of the following:

   a. The Trustee's discovery of assets in the Estates or any assets that could be subject to a turnover motion by the Trustee;

   b. The Trustee's filing of a motion under 11 U.S.C. §363 in the Bankruptcy Case to use, sell, or lease property of the Estates;

   c. The Trustee's filing of any interim report to the Bankruptcy Court; and

   d. The closure of the Bankruptcy Case.

43. In connection with this action, the Order, or any subsequent investigations related to or associated with the transactions or occurrences that are the subject of the Complaint, the Trustee shall provide reasonable and good faith cooperation to help Plaintiffs determine the identity and location of, and the amount of injury sustained by, each Affected Consumer, to the extent that such information has not previously been produced to Plaintiffs by the Trustee and to the extent that such information is in the Trustee's possession or control.

44. Within 21 calendar days of receipt of a written request from any Plaintiff, the Trustee must provide any available documents or information that are the subject of the request.

{01959841;v3}

## VIII.

### Notice

**IT IS FURTHER ORDERED that:**

45. Unless otherwise directed in writing by the Bureau, the Trustee must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, *In re Prehired, et. al.*, Case No. 22-11007 (JTD) by email to Enforcement_Compliance@cfpb.gov. The Trustee may send an additional copy by overnight courier or first-class mail to the below address:

> Assistant Director for Enforcement
> Bureau of Consumer Financial Protection
> ATTENTION: Office of Enforcement
> 1700 G. Street, N.W.
> Washington D.C. 20552

46. Unless otherwise directed by a representative of the State of Washington in writing, all submissions to the State of Washington pursuant to this order must be sent by email to tad.oneill@atg.wa.gov. The Trustee may send an additional copy by overnight courier or first-class email to below address:

> Tad Robinson O'Neill, Assistant Attorney General
> Washington Attorney General's Office
> 800 Fifth Ave, Suite 2000
> Seattle, Washington, 98104-3188.

## IX.

### Release

47. The Bureau and States release and discharge the Prehired Defendants from all potential liability for law violations that the Bureau or any of the States has or might have alleged in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau and States know about them as of the Effective Date. This release does not preclude or

{01959841;v3 }

15

affect the right of the Bureau or the States to determine and ensure compliance with this Order or to seek penalties for any violations of this Order.

## X.

## Retention of Jurisdiction

**IT IS FURTHER ORDERED that**:

48. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

Presented by:

ROBERT W. FERGUSON
Attorney General

---

TAD ROBINSON O'NEILL
JULIA K. DOYLE
SUSANA CROKE
MADELINE DAVIS
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 254-0570
Tad.ONeill@atg.wa.gov
Julie.Doyle@atg.wa.gov
Susana.Croke@atg.wa.gov
Maddie.Davis@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

ELLEN F. ROSENBLUM #753239
Attorney General

MARC HULL #990621
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 934-4400
Facsimile: (503) 373-7067
marcus.hull@doj.state.or.us
*Attorneys for State of Oregon*

TAYLOR STEINBACHER, Senior Counsel
MELISSA ACEVEDO, Counsel
320 West 4th Street, Suite 750
Los Angeles, CA 90013
*Attorneys for Plaintiff California Department of Financial Protection and Innovation*

KATHLEEN JENNINGS
Attorney General

MARION M. QUIRK (#4136)
Deputy Attorney General
Delaware Department of Justice
820 N. French St., Floor 5
Wilmington, DE 19801
(302) 683-8810
marion.quirk@delaware.gov
*Attorneys for the State of Delaware*

ADAM WELLE
Assistant Attorney General
Minnesota State Bar No. 0389951
(admitted per LR 9010-1(e))
Telephone: (651) 757-1425
Facsimile: (651) 296-7438
adam.welle@ag.state.mn.us
*Attorney for the State of Minnesota*

MATTHEW DAVIES
Assistant Attorney General
Office of the Illinois Attorney General
100 W. Randolph Street, 12th Floor
Chicago, Illinois 60601
Telephone: (773) 590-7807
Facsimile: (312) 814-2593
Matthew.davies@ilag.gov
*Attorney for the State of Illinois*

JARED Q. LIBET
Assistant Deputy Attorney General
CLARK KIRKLAND
Assistant Attorney General
Office of the South Carolina Attorney General
P.O. Box 11549
Columbia, SC 29211
*Attorneys for the State of South Carolina*

JOSHUA H. STEIN
Attorney General of North Carolina

ANDREA JOY CAMPBELL
Massachusetts Attorney General

DANIELLE WILBURN ALLEN
Assistant Attorney General
North Carolina State Bar No. 58141
North Carolina Department of Justice

DIANA HOOLEY, MA BBO No. 685418
LILIA V. DUBOIS, MA BBO No. 688848
Assistant Attorneys General
Insurance and Financial Services Division

{01959841;v3 }

17

Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6975
Facsimile: (919) 716-6050
dwilburnallen@ncdoj.gov
*Attorneys for the State of North Carolina*

Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2198 (Hooley)
(617) 963-2239 (DuBois)
diana.hooley@mass.gov
lilia.dubois@mass.gov
*Attorneys for the Commonwealth of Massachusetts*

JASON S. MIYARES
Attorney General of Virginia

JOSHUA L. KAUL
Attorney General of Wisconsin

JONATHAN M. HARRISON II
Assistant Attorney General
DAVID B. IRVIN
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 786-6557
Facsimile: (804) 786-0122
jharrison@oag.state.va.us
dirvin@oag.state.va.us
*Attorneys for the Commonwealth of Virginia*

COLIN R. STROUD
Assistant Attorney General
Wisconsin State Bar #: 1119457
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
Telephone: (608) 261-9224
Facsimile: (608) 294-2907
stroudcr@doj.state.wi.us
*Attorneys for Plaintiff State of Wisconsin*

ERIC HALPERIN
Enforcement Director
CARA PETERSEN
Principal Deputy Enforcement Director
ALUSHEYI J. WHEELER
Deputy Enforcement Director
OWEN MARTIKAN
Assistant Litigation Deputy

STEFANIE ISSER GOLDBLATT
JIM SAVAGE
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 573-4390
Facsimile: (703) 642-4585
stefanie.goldblatt@cfpb.gov
*Attorneys for the Bureau of Consumer Financial Protection*

{01959841;v3 }

18

DON A. BESKRONE
Chapter 7 Trustee

_____ x
Ricardo Palacio (DE Bar No. 3765)
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
Email: rpalacio@ashbygeddes.com

*Attorneys for Don A. Beskrone, Chapter 7 Trustee*

Dated: November 20th, 2023
Wilmington, Delaware

_____
JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

{01959841;v3}

19