OCT 21 '24 AM10:55
RCV'D - USDC FLO SC

Joshua Jordan, PRO SE
3223 Twin Church Rd
Timmonsville, SC 29161
joshlegalstuff@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOSHUA JORDAN<br><br>Plaintiff,<br><br>v.<br><br>PAYMENT SAVER, LLC<br>and<br>CASEY GRAHAM<br>Defendants. | Case No.: 4:24-cv-00890-JD-TER<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT IN LIEU OF BRIEF** |

Plaintiff Joshua Jordan ("Jordan"), proceeding pro se, respectfully submits this reply in support of his Motion for Leave to File Amended Complaint and in response to Defendants' Opposition.

### I. INTRODUCTION

Contrary to Defendants' assertions, this Court should grant leave to amend the complaint because: (1) the proposed amendment cures any jurisdictional defects by adding a federal claim under the Lanham Act; (2) Jordan has standing to bring the Lanham Act claim both individually and as an assignee of Prehired's claims; and (3) the amendment is not futile and serves the interests of justice. The evidence and arguments presented herein demonstrate that Defendants' objections are without merit and that leave to amend should be freely given in accordance with FRCP 15(a)(2).

1

## II. ARGUMENT

### A. Amending the Complaint Aligns with FRCP 15(a)(2)'s Liberal Amendment Standard

Federal Rule of Civil Procedure 15(a)(2) directs that courts "should freely give leave [to amend] when justice so requires." This liberal amendment standard favors allowing Jordan's proposed amendment. As the Supreme Court noted in Foman v. Davis, 371 U.S. 178, 182 (1962), "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Here, allowing the amendment would serve justice by enabling a full adjudication of Jordan's claims on their merits.

### B. Amending the Complaint to Add a Federal Claim is a Proper Method to Cure Jurisdictional Defects

Defendants argue that a procedural rule cannot cure a lack of subject matter jurisdiction. However, this argument mischaracterizes the nature and timing of Jordan's motion to amend. The Fourth Circuit has recognized that "[a] plaintiff may cure a jurisdictional defect in her complaint by amendment, and the court must allow such an amendment freely." Cohn v. KeySpan Corp., 713 F. App'x 141, 144 (4th Cir. 2017) (citing 28 U.S.C. § 1653). This principle is particularly applicable here, where the Court has not yet ruled on jurisdiction and explicitly invited briefing on the issue.

The cases cited by Defendants, such as House v. Mitra QSR KNE LLC, 796 F. App'x 783 (4th Cir. 2019), are distinguishable. In House, the court had already determined it lacked jurisdiction. Here, the Court is still considering the jurisdictional issue, making amendment both timely and appropriate.

## C. Jordan Has Standing to Bring the Lanham Act Claim Both Individually and as an Assignee

### 1. Individual Standing

Contrary to Defendants' assertions, Jordan does have individual standing under the Lanham Act. The Supreme Court in Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014), held that to have standing under the Lanham Act, a plaintiff must allege an injury to a commercial interest in reputation or sales. Jordan's proposed amended complaint clearly alleges such injuries.

Specifically, the amended complaint details how Graham's false statements directly impacted Jordan's personal reputation as a business leader and ethical entrepreneur (Amended Complaint ¶¶ 34-36). These allegations go beyond mere "consumer" complaints and directly relate to Jordan's commercial interests, thus satisfying the Lexmark standard.

### 2. Standing as Assignee

Jordan also has standing as the valid assignee of Prehired's claims. The assignment dated April 5, 2022 (attached to this reply as Exhibit 1) clearly assigns to Jordan "all [Prehired's] right, title, and interest in all monies, payments, claims, actions, causes of action, demands and damages related to the Harming Parties, both known or unknown, past, present, and future." This broad language unequivocally includes potential claims against Defendants Graham and Gravy.

Furthermore, Defendants themselves have produced another valid assignment (Docket 40-1) that further supports Jordan's standing.

Additionally, In re Prehired, LLC, No. 22-11007 (Bankr. D. Del. filed Nov 22, 2022) where the Plaintiff is an Intervenor, Creditor, Owner, and Assignee of the Bankruptcy Estate, in a hearing last month on Sept 17, 2024 (See Dkt 229), the trustee acknowledged the existence and validity of the assignments to Jordan individually.

These assignments were executed well before Prehired's bankruptcy filing, and the bankruptcy proceedings do not invalidate Jordan's rights as an assignee for claims that predate the bankruptcy. The Bankruptcy Court's Stipulated Final Judgment and Order (Exhibit C to Defendants' Opposition) does not retroactively invalidate these pre-bankruptcy assignments.

**D. The Proposed Amendment is Not Futile**

Defendants argue that the proposed amendment is futile because Jordan cannot state a claim under the Lanham Act. This argument is without merit.

The proposed amended complaint alleges specific false and misleading statements made by Defendants in commercial advertising or promotion (Amended Complaint ¶¶ 49-54). These statements were made in interstate commerce, caused harm across at least 43 states, and materially impacted Prehired's business relationships and customer base. These allegations sufficiently state a claim under the Lanham Act.

**E. The Proposed Amendment Arises from the Same Core Facts and Does Not Prejudice Defendants**

It's crucial to note that the Lanham Act claim in the proposed amended complaint arises from the same core set of facts as the original complaint. The amendment merely adds a federal cause of action based on the previously alleged conduct of Defendants Graham and Gravy. This

4

alignment of facts means there is no unfair surprise to the Defendants, nor does it require additional discovery.

Furthermore, this amendment is timely and does not cause undue delay or prejudice to the Defendants. Courts in this district have consistently held that absent undue delay, bad faith, or undue prejudice to the opposing party, leave to amend should be freely given. See, e.g., Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). None of these factors are present here, further supporting the grant of leave to amend.

## F. In the Alternative, If Amendment is Not Allowed, the Court Should Transfer the Case to State Court

If, despite the strong arguments for amendment, the Court finds it lacks subject matter jurisdiction, Jordan respectfully requests that the Court transfer this case to the Florence County Court of Common Pleas pursuant to 28 U.S.C. § 1631, rather than dismissing the action. This transfer would serve the interests of justice, as some claims may be barred by statutes of limitations if the case is dismissed outright.

## III. CONCLUSION

For the foregoing reasons, Jordan respectfully requests that the Court grant leave to file the Amended Complaint. The proposed amendment cures any jurisdictional defects, Jordan has standing to bring the Lanham Act claim, and the amendment is not futile. Allowing the amendment would serve the interests of justice and judicial economy.

Respectfully submitted on October 21, 2024, at Florence, South Carolina.

By: /s/ Joshua Jordan
Joshua Jordan, PRO SE
3223 Twin Church Rd
Timmonsville, SC 29161
joshlegalstuff@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024 a true and correct copy of this document is being filed in person to the court of clerk and when the clerk uploads the documents to the online docket, it will be served via the CM/ECF federal courts electronic portal to the names and addresses provided by the parties.

By: /s/ Joshua Jordan
Joshua Jordan, Pro Se.