IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joshua Jordan,<br><br>                                   Plaintiff,<br><br>v.<br><br>Payment Saver, LLC, and Casey Graham,<br><br>                                   Defendants. | Civil Action No.: 4:24-cv-00890-JD-TER<br><br>**DEFENDANTS' SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT IN LIEU OF BRIEF** |

Defendants, Payment Saver, LLC ("Payment Saver") and Casey Graham ("Graham") (collectively referred to as "Defendants"), by and through their undersigned counsel, respectfully submit *Defendants' Sur-Reply to Plaintiff's Reply in Support of Plaintiff's Motion to File Amended Complaint in Lieu of Brief*. This sur-reply is submitted in response to Plaintiff's filing, dated October 21, 2024, which attempts to respond to Defendants by erroneously citing Fourth Circuit case law and offering new documentary evidence (D.E. No. 41). Defendants reiterate there is no basis for Plaintiff invoking federal question jurisdiction or for Plaintiff to procedurally cure subject-matter jurisdictional defects, and that this Court should dismiss Plaintiff's request to amend the original complaint.

## Argument

**(A) Defendants reiterate subject matter jurisdiction may not be cured procedurally, and that Plaintiff attempts to cite Fourth Circuit case law which does not exist.**

Plaintiff's citation "Cohn v. KeySpan Corp. 713 F. App'x 141, 144 (4th Cir. 2017) (citing 28 U.S.C. § 1653)" is blatantly incorrect. *Cohn v. KeySpan* is not a Fourth Circuit case, but rather a 2010 case heard in the United States Eastern District of New York (properly cited as *Cohn v.*

*KeySpan Corp.*, 713 F.Supp.2d 143 (2010)). The portion of Plaintiff's citation, "713 F.Appx. 141 (4th Cir. 2017)", corresponds to the case *Bagheri v. Bailey*. Neither case stands for the proposition Plaintiff attempts to assert. The quote cited by Plaintiff, "a plaintiff may cure a jurisdictional defect in her complaint by amendment, and the court must allow such amendment" (D.E. No. 41), is not merely misstated, but entirely absent from both *Cohn v. KeySpan* and *Bagheri v. Bailey*. The Court in *Bagheri* did not even broach the subject of leave to amend pursuant to Rule 15(a). In *Cohn*, the Court also did not address Rule 15(a), and instead focused discussion on Rule 12(b)(6), FRCP.

Plaintiff will likely respond by attributing the above errors to Plaintiff's status as a *pro se* litigant. While Defendants do not wish to attribute deceptive intent to Plaintiff, his action follows a concerning behavioral pattern dating back to Plaintiff's interactions with the Delaware Bankruptcy Court, Plaintiffs, and the Trustee in PreHired's Chapter 7 bankruptcy case. Defendants offer evidence in the Part C which demonstrates this trend.

**(B) Plaintiff again fails to address the Bankruptcy Court's Stipulated Final Judgment and Order.**

On November 20, 2023, the Bankruptcy Court entered a Stipulated Final Judgment and Order finding PreHired's "acts and practices described in the Complaint are unfair, deceptive, or otherwise unlawful practices and violated [multiple federal statutes]" and ORDERED "each of the PreHired Defendants, **whether acting directly, indirectly, or through any Person**, and the Trustee...**are permanently enjoined and restrained from operating, exercising control over, or taking action on behalf of any [PreHired entity].**" (*See* D.E. No. 40, Ex. B at ¶¶ 21, 30)(emphasis added). Defendants reiterate this Order shows Plaintiff is barred from even attempting to use an assignment of claims from PreHired based on the court's findings concerning PreHired's conduct.

**(C) Plaintiff's citation to a hearing from PreHired's bankruptcy case fails to authenticate Plaintiff's alleged Assignment of Claims, and instead reveals a concerning pattern of behavior by Plaintiff.**

"The successful functioning of the bankruptcy act hinges both upon the bankrupt's veracity and his willingness to make a full disclosure." *In re Goodin*, 661 B.R. 705, 716 (Bankr. D. Mass. 2024). Bankruptcy Courts have exclusive jurisdiction over "all property, wherever located, of Debtor as of the commencement of his case, and of property of the estate." 28 U.S.C. § 1334(e)(1). Property of the estate includes "all of the debtor's interest in any cause of action that has accrued prior to the bankruptcy petition." *In re Church*, 657 B.R. 69 (Bankr. D.S.C. 2024) (citing *Vinal v. Fed. Nat'l Mortg. Ass'n*, 131 F. Supp. 3d 529, 537 (E.D.N.C. 2015)).

No evidence supports Plaintiff's assertion that the Trustee for PreHired's Chapter 7 bankruptcy proceedings either "acknowledged the existence and validity of the assignments" or Plaintiff's ability, or lack thereof, to act on behalf of PreHired. To the contrary, the September 17, 2024 bankruptcy proceedings cited by Plaintiff concerning a separate purported assignment from PreHired to Jordan demonstrate the Bankruptcy Court, the Trustee, and State of Washington all expressed concerns such assignments were in fact fraudulent conveyances under 11 U.S. Code § 548.

Defendants cite the following statements by Trustee and counsel for the State of Washington as evidence:

1. The Bankruptcy Court's asked Plaintiff "why the [assignments] weren't revealed during the bankruptcy case?" Plaintiff responded by stating he "did not know it was his duty to disclose any potential document", and claimed he would have "gladly produced" the assignments had he been asked. (Ex. A, Audio Recording[1] of September 17, 2024 Hearing in *In re PreHired LLC, et al.*, Case No. 22-11007-JTD at 6:45 – 8:30).

2. The Court asked the Trustee whether "the trustee aware of these assignments?" Counsel for the Trustee responded, stating "I think *at one point* we were made aware of them." (Ex.

---

[1] Upon the Court's request, counsel can have the audio recording transcribed.

3

A at 27:23 – 27:52) (emphasis added). At no point did the Trustee, either directly or through counsel, state Plaintiff's assignment was valid, as Plaintiff suggests.

3. The Court asked, "did the Trustee consider that those assignments would be preferences or fraudulent conveyances?" Counsel for Trustee responded, "we considered them…but given the 'state of the estate' …it would be, I think, of minimal value given [Trustee's] understanding of [Plaintiff's] financial condition that it would probably be not worthwhile to pursue in this case." (Ex. A at 27:52 – 28:20). Notably, Trustee's counsel appeared to agree with the Court that Plaintiff's assignments were fraudulent transfers or preferences, but that due to financial considerations, pursuing an action would "not be worthwhile to pursue." *Id.*

4. Counsel for the State of Washington stated Plaintiff consistently failed to disclose the assignment's existence. To the State's knowledge, Plaintiff's statement of financial affairs, was not in any motions or declarations made by Plaintiff, and the State was not made aware of the assignments until Plaintiff's former counsel emailed them "on the eve of trial asking for a continuance." Notably, Plaintiff's counsel waited until after a Washington court had issued partial summary judgment in favor of the State. (Ex. A at 30:42 – 31:33).

5. The Court held plaintiff's contentions were "not a valid request." (Ex. A at 45:24 – 46:02). The Court found:
   (a) Plaintiff's assignment was not disclosed during the Bankruptcy proceedings;
   (b) It was unclear when Trustee was made aware of assignments; and
   (c) regardless of Trustee's awareness, the assignments were avoidable as either a preference or fraudulent conveyances. *Id.*

**(D) Plaintiff has no valid Individual Claim under the Lanham Act.**

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

Plaintiff cites *his own* "naked assertions" of Defendants' alleged motive as proof of commercial economic or reputational harm under *Lexmark*. Plaintiff relies on Paragraphs 34-36 of Plaintiff's Amended Complaint which state:

4

- Defendants allegedly possessed "ill-will" and "improper motives" to hurt Jordan and PreHired's reputations. (D.E. No. 38-1, Para. 34)

- Defendants allegedly caused substantial financial injury to Jordan's business which "harm[ed] Jordan's reputation as a business leader." (D.E. No. 38-1, Para. 35).

- Plaintiff personally considered Defendant Graham's statements to be "outrageous lies impugning his integrity and ethics to millions of industry professionals." (D.E. No. 38-1, Para. 36).

Alleging "improper motives" or claiming Defendants statements were "outrageous lies" which "harmed [Plaintiff's] reputation" falls short of alleging sufficient facts to support an individual claim under the Lanham Act for the reasons discussed in Defendants' Response brief (D.E. No. 40).

## CONCLUSION

Defendants respectfully submit that Plaintiff's Motion to Amend his Complaint should be denied because Plaintiff should not be allowed to cure the lack of subject matter jurisdiction by amending his Complaint. However, even if the Court were to entertain the possibility of a motion to amend, allowing Plaintiff to amend his Complaint would be futile because Plaintiff cannot personally state a claim for violation of the Lanham Act and Plaintiff does not possess the legal right to pursue these claims on behalf of PreHired.

**[SIGNATURE ON NEXT PAGE]**

**HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

By: *s/Jonathan G. Roquemore*
Joshua D. Shaw (Fed. ID. No. 10529)
Jonathan G. Roquemore (Fed. ID. No. 09160)
Hedrick Gardner Kincheloe & Garofalo LLP
1230 Main St., Suite 325
Columbia, SC 29201
Phone: 803-727-1200
jshaw@hedrickgardner.com
jroquemore@hedrickgardner.com

***Attorneys for Defendants Payment Saver, LLC and Casey Graham***

October 25, 2024