OCT 28 '24 AM10:41
RCV'D - USDC FLO SC

Joshua Jordan, PRO SE
3223 Twin Church Rd
Timmonsville, SC 29161
joshlegalstuff@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOSHUA JORDAN<br><br>Plaintiff,<br><br>v.<br><br>PAYMENT SAVER, LLC<br>and<br>CASEY GRAHAM<br>Defendants. | Case No.: 4:24-cv-00890-JD-TER<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY** |

Plaintiff Joshua Jordan ("Plaintiff"), proceeding pro se, respectfully submits this Opposition to Defendants' Motion for Leave to File Sur-Reply.

## **INTRODUCTION**

Defendants' Motion for Leave to File Sur-Reply should be denied for four independent and dispositive reasons: (1) this Court may lack subject matter jurisdiction to consider Defendants' standing arguments, until it is cured by the filing of the Amended Complaint, (2) Defendants rely on inadmissible hearsay that is directly contradicted by the official transcript submitted herewith, (3) any challenge to the assignments is time-barred by the bankruptcy statute of limitations, and (4) Defendants lack standing to challenge assignments to which they were not parties. While Fourth Circuit law governs the procedural aspects of this motion, Delaware bankruptcy law and Wyoming contract law govern the substantive issues Defendants improperly attempt to raise.

1

## JURISDICTIONAL FRAMEWORK

Before addressing Defendants' procedurally improper sur-reply, the Court must consider the fundamental jurisdictional sequence at issue. The Supreme Court has mandated that federal courts must first determine subject matter jurisdiction before considering any other issues - including standing. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998). This hierarchical requirement cannot be avoided through procedural mechanisms like sur-replies. Id. Defendants' attempt to argue standing through a sur-reply while simultaneously opposing the very amended complaint that would establish jurisdiction illustrates the circular nature of their position.

## ARGUMENT

### I. UNDER FOURTH CIRCUIT LAW, THE PROPOSED SUR-REPLY IS PROCEDURALLY IMPROPER

#### A. The Fourth Circuit Strongly Disfavors Sur-replies

The Fourth Circuit has consistently held that sur-replies are disfavored. See Chubb & Son v. C & C Complete Servs., LLC, 919 F. Supp. 2d 666, 679 (D. Md. 2013) (citing Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004)).

A sur-reply is only appropriate when a party's reply brief raises new arguments that could not have been addressed in the original opposition. EEOC v. Freeman, 961 F. Supp. 2d 783, 801 (D. Md. 2013), aff'd, 778 F.3d 463 (4th Cir. 2015).

2

**B. The Court Cannot Consider Standing Arguments Without First Establishing Subject Matter Jurisdiction**

The Supreme Court has consistently held that federal courts must determine whether they have subject matter jurisdiction before considering any other issues, including standing. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998). As the Court explained, "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. at 94 (citation omitted).

Therefore, Defendants' attempt to introduce evidence regarding standing through their proposed sur-reply is premature and improper. The Court must first determine whether it has subject matter jurisdiction before it can consider any arguments about standing or the validity of assignments.

**C. Defendants Cannot Use a Sur-reply to Introduce New Evidence that is Hearsay**

The Fourth Circuit and courts within it have consistently held that sur-replies cannot be used to introduce evidence that could have been presented in an original opposition. See Chubb & Son v. C & C Complete Servs., LLC, 919 F. Supp. 2d 666, 679 (D. Md. 2013), aff'd, 558 F. App'x 327 (4th Cir. 2014) (unpublished). Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." Rice v. Anderson County, No. 0:19-cv-00851 (D.S.C. 2021).

## II. DEFENDANTS' PROPOSED SUR-REPLY RELIES ON INADMISSIBLE HEARSAY EVIDENCE

3

### A. Unofficial Audio Recordings Are Inadmissible Hearsay

The Fourth Circuit has consistently held that unofficial recordings or summaries of court proceedings constitute inadmissible hearsay under Federal Rules of Evidence 801 and 802. Defendants, who did not attend the bankruptcy hearing, attempt to introduce secondhand characterizations of the proceedings. In contrast, Plaintiff was personally present as the moving party at the hearing and affirms under penalty of perjury that all statements made in this Opposition, as well as in all previously filed briefs, are true and accurate.

### B. The Official Transcript Contradicts Defendants' Characterization

Plaintiff submits herewith as Exhibit A the official certified transcript of the September 17, 2024 bankruptcy hearing that Defendants attempt to characterize. The transcript reveals several critical points that contradict Defendants' characterization:

1. The Trustee acknowledged awareness of the assignments and made a conscious decision not to challenge them. (See Tr. at 6:19-20).
2. The Court's discussion of assignments was specifically limited to interpreting the term "assigns" within a particular release provision of a settlement agreement - not the general validity of assignments. (See Tr. at 7:1-10).
3. The Court's ruling focused on procedural defects specific to that motion, namely that it sought a mandatory injunction requiring an adversary proceeding. (See Tr. at 6:10-14).
4. Contrary to Defendants' suggestion, the Court made no finding that the assignments were invalid, but rather noted that even if they had been challengeable as preferences or fraudulent conveyances, the Trustee chose not to pursue such claims. (See Tr. at 6:21-23).

Thus, the official transcript directly contradicts Defendants' attempt to mischaracterize the bankruptcy proceedings to support their standing arguments - arguments which, as noted above, the Court cannot even reach without first establishing subject matter jurisdiction.

Consequently, the only party with standing, the Prehired Estate Trustee, is now barred by the applicable statutes of limitations from bringing any claim challenging the assignments. Since the Trustee was aware of the assignments and consciously opted not to contest them within the statutory period, Defendants lack any viable basis to revisit or invalidate these assignments at this stage.

## III. UNDER DELAWARE LAW, DEFENDANTS MISCHARACTERIZE THE BANKRUPTCY PROCEEDINGS

### A. The Trustee's Actions Bar Challenges to Assignment Validity

Under Delaware bankruptcy law, when a trustee is aware of potential claims and makes a conscious decision not to pursue them within the statutory period, those claims cannot later be challenged by third parties.

1. The Trustee acknowledged awareness of the assignments;

2. The Trustee explicitly chose not to contest them;

3. The two-year statute of limitations under 11 U.S.C. § 548 has expired;

4. The bankruptcy case is near discharge, and the Trustee has confirmed having no interest in challenging the assignments.

### B. Judicial Estoppel Prevents Challenges to the Assignments

The doctrine of judicial estoppel prevents parties from taking inconsistent positions in judicial proceedings. New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001). The Trustee's knowing decision not to challenge the assignments within the statutory period, followed by any attempt to now question their validity, would be barred by judicial estoppel.

### C. The Bankruptcy Court Made No Finding on Assignment Validity

The bankruptcy court's discussion of assignments occurred solely in the context of interpreting specific contractual language in an indemnification agreement - a matter currently under appeal. The court made no finding regarding the general validity of Plaintiff's assignments. See Exhibit A Transcript.

## IV. DEFENDANTS' ATTEMPT TO CHALLENGE ASSIGNMENT VALIDITY IS IMPROPER AND PREMATURE

### A. The Court Cannot Consider Assignment Validity Without Subject Matter Jurisdiction

Defendants' sur-reply attempts to bootstrap standing arguments by challenging assignment validity - an issue that can only be considered after subject matter jurisdiction is established through the amended complaint. This circular logic betrays that Defendants implicitly acknowledge the amended complaint would establish federal jurisdiction, or they would have no basis to argue standing.

### B. Multiple Jurisdictional and Temporal Barriers Preclude Assignment Challenges

Even if this Court had subject matter jurisdiction to consider assignment validity (which it does not), multiple independent barriers prevent such consideration:

1. **Choice of Law and Jurisdictional Barriers**. The assignments are governed by Wyoming law pursuant to explicit choice-of-law provisions. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941) (federal courts must apply forum state's choice-of-law rules); Team IA, Inc. v. Lucas, 395 S.C. 237, 248 (Ct. App. 2011) (South Carolina courts honor choice-of-law provisions). This Court lacks jurisdiction to determine their validity without proper choice-of-law analysis.

2. **Bankruptcy Statute of Limitations.** The assignments were executed on April 5 and June 25, 2022. The bankruptcy petition was filed on September 27, 2022. Under 11 U.S.C. § 548(a)(1), any challenge to these assignments must have been brought within two years of the petition date. Therefore:
   - The statute of limitations expired on September 27, 2024
   - This date has passed
   - Any challenge is now time-barred as a matter of law
   - This barrier is jurisdictional and cannot be waived

3. **Exclusive Bankruptcy Court Jurisdiction.** Only the Prehired bankruptcy estate could challenge these assignments, and such challenge would require:
   - Filing an adversary proceeding in Delaware Bankruptcy Court
   - Establishing statutory grounds under 11 U.S.C. § 548
   - Overcoming judicial estoppel given the Trustee's explicit decision not to challenge
   - Explaining the abandonment of any such claims through two years of inaction

7

4. **Trustee's Prior Actions and Statements The record establishes that**:
    - The Trustee had contemporaneous knowledge of the assignments
    - The Trustee made an informed decision not to challenge them
    - This decision was communicated to the bankruptcy court
    - The statutory period for challenges has expired
    - The bankruptcy case is approaching discharge

## C. Defendants Lack Standing to Challenge the Assignments

Defendants, as non-parties to the assignments, lack standing to challenge their validity. South Carolina law holds that a valid assignment extinguishes the assignor's rights, transferring all enforceable rights to the assignee. As the South Carolina Supreme Court explained, "an assignment extinguishes the rights and obligations under an agreement once transferred to a third party." Sanders v. Savannah Highway Auto. Co., 440 S.C. 377, 394–95, 827 S.E.2d 167, 174 (2023) (citing Restatement (Second) of Contracts § 317 (1981)). Further, only an assignee has standing to enforce or dispute the terms of the assignment. See Moore v. Weinberg, 373 S.C. 209, 219–20, 644 S.E.2d 740, 745 (Ct. App. 2007). Since Defendants were neither assignors nor assignees in the relevant assignments, they lack the necessary standing to challenge their validity, consistent with South Carolina's approach to contract assignments.

## D. The Sur-reply Improperly Presents New Evidence

Defendants' attempt to introduce new evidence regarding the assignments could have been included in their original opposition. Courts routinely deny sur-replies that attempt to introduce evidence available earlier.

### E. The Evidence Actually Supports Granting Leave to Amend

Paradoxically, by arguing about assignment validity and standing, Defendants implicitly acknowledge that the amended complaint would establish federal question jurisdiction - otherwise, there would be no basis to reach these issues. This tacitly supports granting leave to amend.

### F. The Timing of Events Conclusively Bars Assignment Challenges from ANY party

The chronology of events demonstrates why any challenge to the assignments is time-barred:

1. April 5, 2022: First assignment executed
2. June 25, 2022: Second assignment executed
3. September 27, 2022: Bankruptcy petition filed
4. September 27, 2024: Two-year statute of limitations expired
5. October 25, 2024: Defendants attempt to challenge assignments

This timeline conclusively establishes that:

1. The two-year period under 11 U.S.C. § 548(a)(1) has expired
2. No party, including the Trustee, can now challenge the assignments
3. Defendants' attempt comes one month after the statute of limitations expired
4. The timing bar is jurisdictional and cannot be waived

### **CONCLUSION**

Whether applying Fourth Circuit standards for sur-replies or Delaware law regarding the bankruptcy proceedings, Defendants' motion should be denied. Their proposed sur-reply

9

improperly attempts to introduce inadmissible hearsay evidence and mischaracterize bankruptcy court proceedings while failing to meet the Fourth Circuit's stringent standards for allowing sur-replies.

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Leave to File Sur-Reply.

## **ALTERNATIVE REQUEST FOR RELIEF**

In the event this Court is inclined to grant Defendants' Motion for Leave to File Sur-Reply, Plaintiff respectfully requests that the Court either:

(1) Accept this filing and the attached official transcript as supplemental evidence in support of Plaintiff's original Motion for Leave to File Amended Complaint pursuant to Local Rule 7.06 (allowing supplemental authority); or

(2) Grant Plaintiff leave to file this opposition as a sur-sur-reply to address Defendants' mischaracterization of bankruptcy proceedings and correct the record with official transcripts.

This request is made in the interest of justice and judicial economy, as it would allow the Court to consider the complete and accurate record rather than Defendants' incomplete and misleading characterization of the bankruptcy proceedings.

WHEREFORE, if the Court grants Defendants' Motion for Leave to File Sur-Reply, Plaintiff respectfully requests that the Court either accept this filing as supplemental evidence in support of the original motion or grant leave to file it as a sur-sur-reply.

Respectfully submitted on October 28, 2024, at Florence, South Carolina.

By: /s/ Joshua Jordan
Joshua Jordan, PRO SE
3223 Twin Church Rd
Timmonsville, SC 29161
joshlegalstuff@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024 a true and correct copy of this document is being filed in person to the court of clerk and when the clerk uploads the documents to the online docket, it will be served via the CM/ECF federal courts electronic portal to the names and addresses provided by the parties.

By: /s/ Joshua Jordan
Joshua Jordan, Pro Se.