UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOSHUA JORDAN, | ) | Civil Action No. 4:24-cv-0890-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| PAYMENT SAVER, LLC, and CASEY GRAHAM, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.   INTRODUCTION

Plaintiff, who is proceeding pro se, alleges causes of action for defamation and tortious interference with contracts, and asserts that jurisdiction is proper pursuant to 28 U.S.C. § 1332. Defendants have filed a Motion to Dismiss (ECF No. 10) for lack of personal jurisdiction. Plaintiff has filed a Motion for Limited Jurisdictional Discovery (ECF No. 31) and a Motion for Leave to File Amended Complaint (ECF No. 38). Because a question regarding this court's subject matter jurisdiction was raised in Defendants' Reply (ECF No. 19), the undersigned directed the parties to brief the issue of whether this court has subject matter jurisdiction. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC. This report and recommendation is entered for review by the District Judge.

## II.   FACTS

Plaintiff is a resident of South Carolina. Compl. ¶ 2. As alleged by Plaintiff, Payment Saver is a limited liability company organized under the laws of Georgia. Graham Aff. ¶ 3 (ECF No. 10-

2). Payment Saver's headquarters and principal place of business are in Cumming, Georgia. Graham Aff. ¶ 3. At no time has Payment Saver maintained offices, or owned or leased real estate in South Carolina. Graham Aff. ¶ 4. Graham, founder of Payment Saver, is a resident of Cumming, Georgia. Graham Aff. ¶ 3. The members of Payment Saver are Casey Graham, Inc. and Arlington Private Equity Fund V, LLC. See Def. Rule 26.01 Responses ¶ H (ECF No. 12). Casey Graham, Inc. is a Georgia Corporation with its principal place of business in Georgia. Id. The members of the Arlington Private Equity Fund V, LLC include, among others, three individuals who are citizens of South Carolina and a trust whose beneficiaries are citizens of South Carolina. Id.

### III.  DISCUSSION

One of the motions currently pending is a Motion to Dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. However, in a footnote in their Reply (ECF No. 19) to that motion, Defendants note that there may be a lack of complete diversity between the parties in this case, given that one of Defendant Payment Saver, LLC's members, Arlington Private Equity Fund V, LLC, has members who are citizens of South Carolina. Def. Reply p. 4 n. 2. "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986)). Thus, the undersigned directed the parties to file supplemental briefs addressing the issue of whether this court has subject-matter jurisdiction. Defendants filed a Supplemental Brief (ECF No. 39). Plaintiff filed a Motion for Leave to File Amended Complaint (ECF No. 38) in lieu of a Supplemental Brief.

In his original Complaint, Plaintiff alleges only state law claims and asserts that jurisdiction

is proper pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000. See Compl. ¶ 5; 28 U.S.C. § 1332. As stated above, Plaintiff is a resident of South Carolina, Defendant Payment Saver, LLC is a limited liability company organized under the laws of Georgia, with its headquarters and principal place of business in Cumming, Georgia, and Defendant Graham is a resident of Cumming, Georgia. However, Payment Saver's citizenship for diversity purposes is not determined by its state of organization or its place of business, but rather by the citizenship of its members. See Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company... is determined by the citizenship of all of its members[.]"); see also Hutten v. Specialized Loan Servicing, No. 2:23-CV-31-FL, 2023 WL 6847112, at *3 (E.D.N.C. Oct. 17, 2023), aff'd, No. 24-1045, 2024 WL 1714284 (4th Cir. Apr. 22, 2024). This is undisputed by Plaintiff. One of Defendant Payment Saver, LLC's members, Arlington Private Equity Fund V, LLC, has members who are citizens of South Carolina. If a lack of diversity exists between the parties, the court is without subject-matter jurisdiction, and a defect in subject-matter jurisdiction cannot be waived. See United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Thus, this court lacks subject-matter jurisdiction over this case.

In an effort to create subject matter jurisdiction, Plaintiff has filed a Motion to Amend his Complaint by adding a cause of action pursuant to the Lanham Act, 15 U.S.C. § 1125(a). Addition of this federal statutory cause of action would give the court federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims. However, though 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," the Supreme Court has

held that § 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831, 109 S. Ct. 2218, 2222, 104 L. Ed. 2d 893 (1989) (stating that the law operates in such a way that if jurisdiction "in fact exists at the time the suit was brought ..., though defectively alleged," the defective allegations may be amended any time prior to resolution of the suit, even in the appellate courts). Section 1653 is "not to be used to create jurisdiction retroactively where it did not previously exist." Benn v. Seventh-Day Adventist Church, 304 F. Supp. 2d 716, 722 (D. Md. 2004) (citing Aetna Casualty & Surety Co. v. Hillman, 796 F.2d 770, 775 (5th Cir.1986)). Practically, as recognized by the Fourth Circuit, a court without subject matter jurisdiction lacks the authority to grant a party's motion to amend the complaint. Saxon Fibers, LLC v. Wood, 118 Fed.Appx. 750, 752 (4th Cir. 2005) (citing Whitmire v. Victus, Ltd., 212 F.3d 885, 888 (5th Cir. 2000)). "A plaintiff may not use [§ 1653] or any other means to obtain leave of court to amend a complaint to allege a federal cause of action not previously pled when the court had no jurisdiction over the original complaint." Id. (citing Newman-Green, 490 U.S. at 831-32).

In sum, because there is not complete diversity between the parties, this court lacks subject matter jurisdiction over this action. "[W]hen a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009); Fed.R.Civ.P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, in the absence of subject matter jurisdiction, it is recommended that this case be dismissed.

**IV.     CONCLUSION**

For the reasons discussed above, it is recommended that this case be dismissed for lack of

subject matter jurisdiction.

                                             s/Thomas E. Rogers, III
                                             Thomas E. Rogers, III
                                             United States Magistrate Judge

October 30, 2024
Florence, South Carolina

            **The parties are directed to the important information on the following page.**