Joshua Jordan, PRO SE
3223 Twin Church Rd
Timmonsville, SC 29161
joshlegalstuff@gmail.com

OCT 31 '24 PM 12:04
RCV'D - USDC FLO SC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOSHUA JORDAN<br><br>Plaintiff,<br><br>v.<br><br>PAYMENT SAVER, LLC<br>and<br>CASEY GRAHAM<br>Defendants. | Case No.: 4:24-cv-00890-JD-TER<br><br>**EMERGENCY MOTION TO STAY IMPLEMENTATION OF REPORT AND RECOMMENDATION PENDING REVIEW** |

Plaintiff Joshua Jordan moves on an emergency basis for immediate stay of the Magistrate Judge's Report and Recommendation ("R&R") pending district court review of objections filed contemporaneously herewith.

## INTRODUCTION

Immediate stay is necessary to prevent permanent deprivation of constitutional rights. The claims arose from defamatory statements made February 22, 2022. The original complaint was filed February 21, 2024 - the last day under South Carolina's statute of limitations. Dismissal now would create an impossible situation particularly prejudicial to pro se litigants. Unlike the defendants' counsel, Plaintiff:

1. Lacks access to the Court's electronic filing system (PACER/ECF)
2. Receives notice of court actions days after docketing
3. Must prepare all filings without assistance of counsel or staff

MOTION FOR EMERGENCY STAY - 1

    4. Requires reasonable time to draft and file complex pleadings

These practical limitations make same-day refiling impossible, creating exactly the type of procedural trap the Supreme Court has consistently held violates fundamental constitutional rights. See Bounds v. Smith, 430 U.S. 817, 822 (1977) (access must be "adequate, effective, and meaningful"). The Fourth Circuit specifically recognizes that pro se litigants face unique challenges requiring additional procedural protections. Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978).

Furthermore, this structural disadvantage raises serious equal protection concerns. While represented parties with ECF access can file instantaneously upon dismissal, pro se litigants face inherent delays that would make preservation of rights impossible. See M.L.B. v. S.L.J., 519 U.S. 102, 113 (1996) (procedural rules cannot create system that discriminates based on status). The Supreme Court has specifically cautioned against procedures that create "arbitrary and disparate treatment" among different classes of litigants. Bush v. Gore, 531 U.S. 98, 104-05 (2000).

## **ARGUMENT**

### **I. EMERGENCY STAY IS NECESSARY TO PREVENT IRREPARABLE HARM**

Implementation of the R&R without stay would immediately and permanently bar Plaintiff's timely-filed claims. The Supreme Court has consistently held that federal courts must "be especially careful to guard against a procedural requirement automatically barring potentially meritorious claims." Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982).

Here, dismissal would create exactly such an automatic bar because:

- Claims arose February 22, 2022

- Original complaint filed February 21, 2024

- South Carolina's two-year limitations period will have expired before the Plaintiff is even notified of dismissal via mail for lack of having equal and unprejudiced access to the Pacer system.

- Refiling impossible even if done same day as dismissal

## II. CONSTITUTIONAL RIGHT OF ACCESS REQUIRES STAY

### A. Fundamental Right of Access

The Supreme Court has repeatedly emphasized that access to courts is "among the most precious of the liberties safeguarded by the Bill of Rights." BE&K Construction Co. v. NLRB, 536 U.S. 516, 524-25 (2002). This fundamental right requires that access be "adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 822 (1977).

Dismissal without stay would violate these principles by:

1. Permanently barring claims through no fault of Plaintiff
2. Creating impossible pre-filing discovery requirements
3. Denying any meaningful opportunity for review

### B. Equal Protection Concerns

The practical realities of pro se litigation create systemic disadvantages:

- No ECF/PACER access in South Carolina
- Multi-day delays in receiving court notices (10 days in one instance in this case)

- Physical filing requirements
- Limited resources for emergency drafting

These structural barriers create two classes of litigants:

1. Represented parties who can file electronically and immediately
2. Pro se litigants who face inherent delays beyond their control

The Supreme Court has consistently held that such "wealth-based distinctions" in access to courts warrant heightened scrutiny. Griffin v. Illinois, 351 U.S. 12, 17 (1956). Here, the combination of statute of limitations timing, pro se filing restrictions, and notice delays creates an unconstitutional barrier to meaningful access. See M.L.B. v. S.L.J., 519 U.S. 102, 113 (1996) (procedural rules cannot create system that discriminates based on status).

### III. STRUCTURAL BARRIERS CREATE UNCONSTITUTIONAL PREJUDICE

The practical realities of pro se litigation make dismissal particularly problematic:

### A. Systemic Disadvantages

- No ECF/PACER access in South Carolina
- Multi-day delays in receiving court notices (10 days in one instance in this case)
- Physical filing requirements
- Limited resources for emergency drafting

### B. Equal Protection Concerns These structural barriers create two classes of litigants:

1. Represented parties who can file electronically and immediately
2. Pro se litigants who face inherent delays beyond their control

The Supreme Court has consistently held that such "wealth-based distinctions" in access to courts warrant heightened scrutiny. Griffin v. Illinois, 351 U.S. 12, 17 (1956). Here, the combination of:

- Statute of limitations timing
- Pro se filing restrictions
- Notice delays creates an unconstitutional barrier to meaningful access.

### IV. FOURTH CIRCUIT REQUIRES PROTECTION OF SUBSTANTIVE RIGHTS

The Fourth Circuit mandates that "when an amendment to a timely-filed complaint is proposed to cure a defective jurisdictional allegation, courts should inspect the circumstances with especial care to ensure that the deprivation of constitutionally protected rights does not result from pure procedural technicality." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

Recent Supreme Court jurisprudence further supports the need to protect pro se litigants' access to courts. In Turner v. Rogers, 564 U.S. 431 (2011), the Court held that for a litigant to have meaningful access, they "must be able to identify the central issues in the case and present evidence and arguments regarding those issues." This reaffirms the principle that courts must ensure pro se litigants can effectively participate in their cases. Furthermore, many federal courts have recognized the unique challenges faced by pro se litigants and have implemented rules and programs to assist them, such as allowing electronic filing with permission and providing assisted pro se services. The District of South Carolina's current limitations on pro se electronic filing, however, create exactly the type of barrier to meaningful participation that Turner sought to prevent.

## V. BALANCE OF EQUITIES FAVORS STAY

A brief stay will maintain status quo while preserving:

- Constitutional rights of access

- Timely-filed claims affecting 729 customers

- Interstate commercial allegations

- Judicial economy through single resolution

No prejudice to defendants would result from brief stay pending review.


## CONCLUSION

For these reasons, Plaintiff respectfully requests:

1. Immediate stay of R&R implementation;

2. Expedited consideration of objections;

3. Preservation of existing record pending review; and

4. Such other relief as justice requires


Respectfully submitted and dated this October 31, 2024.

By: /s/ Joshua Jordan
Joshua Jordan, PRO SE
3223 Twin Church Rd
Timmonsville, SC 29161
843.790.3989
joshlegalstuff@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024 a true and correct copy of this document is being filed in person to the court of clerk and when the clerk uploads the documents to the online docket, it will be served via the CM/ECF federal courts electronic portal to the names and addresses provided by the parties.

By: /s/ Joshua Jordan
Joshua Jordan, Pro Se.