IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joshua Jordan, | ) | Case No.: 4:24-cv-0890-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Payment Saver, LLC, and Casey | ) | |
| Graham, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 48), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Defendants Payment Saver, LLC, and Casey Graham's ("Defendants") Motion to Dismiss (DE 10) Plaintiff Joshua Jordan's ("Plaintiff" or "Jordan") Complaint for lack of personal jurisdiction.[1]

### A. Background

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary taken as true from the Complaint.

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff is a resident of South Carolina. (DE 1, ¶ 2.) As alleged by Plaintiff, Payment Saver is a limited liability company organized under the laws of Georgia. (DE 10-2, ¶ 3.) Payment Saver's headquarters and principal place of business are in Cumming, Georgia. (*Id.* ¶ 3.) At no time has Payment Saver maintained offices or owned or leased real estate in South Carolina. (*Id.* ¶ 4.) Graham, founder of Payment Saver, is a resident of Cumming, Georgia. (*Id.* ¶ 3.) The members of Payment Saver are Casey Graham, Inc., and Arlington Private Equity Fund V, LLC. (DE 12, ¶ H.) Casey Graham, Inc., is a Georgia Corporation with its principal place of business in Georgia. *Id.* The members of the Arlington Private Equity Fund V, LLC, include, among others, three individuals who are citizens of South Carolina and a trust whose beneficiaries are citizens of South Carolina. *Id.*

Plaintiff, proceeding pro se, alleges causes of action for defamation and tortious interference with contracts and asserts that jurisdiction is proper under 28 U.S.C. § 1332. (DE 1.) Although Defendants move to dismiss Plaintiff's Complaint for lack of personal jurisdiction (DE 10), Defendants also question whether the Court has subject matter jurisdiction (DE 19). To that end, Plaintiff has moved for limited jurisdictional discovery (DE 31), and the Magistrate Judge "directed the parties to brief the issue of whether this court has subject matter jurisdiction." (DE 32.) Plaintiff also moves to amend his pleadings (DE 38) to add a cause of action under the Lanham Act, 15 U.S.C. § 1125(a).

2

### B. Report and Recommendation

On October 30, 2024, the Magistrate Judge issued the Report recommending Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction. (DE 48.) The Report made these findings:

> Plaintiff alleges only state law claims and asserts that jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000. See Compl. ¶ 5; 28 U.S.C. § 1332. As stated above, Plaintiff is a resident of South Carolina, Defendant Payment Saver, LLC is a limited liability company organized under the laws of Georgia, with its headquarters and principal place of business in Cumming, Georgia, and Defendant Graham is a resident of Cumming, Georgia. However, Payment Saver's citizenship for diversity purposes is not determined by its state of organization or its place of business, but rather by the citizenship of its members. *See Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company... is determined by the citizenship of all of its members[.]"); *see also Hutten v. Specialized Loan Servicing,* No. 2:23-CV-31-FL, 2023 WL 6847112, at *3 (E.D.N.C. Oct. 17, 2023), *aff'd,* No. 24-1045, 2024 WL 1714284 (4th Cir. Apr. 22, 2024). This is undisputed by Plaintiff. One of Defendant Payment Saver, LLC's members, Arlington Private Equity Fund V, LLC, has members who are citizens of South Carolina.

(*Id.* at 4-5, 7.) On October 31, 2024, Plaintiff objected to the Report.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of

3

the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff objects to the Report identifying the Court's lack of subject matter jurisdiction as an extraordinary circumstance, raising three arguments he believes implicate fundamental constitutional protections that should bar a technical forfeiture of his complaint. Alternatively, Plaintiff seeks an amendment to cure the jurisdictional defect.[2] Plaintiff contends,

> First, unlike the simple jurisdictional defect in Saxon Fibers, dismissal here would permanently extinguish substantive rights protected by the First Amendment's Petition Clause, the Fifth Amendment's Due Process Clause, and the Fourteenth Amendment's Equal Protection guarantees.
>
> Second, the Lanham Act claim at issue involves extensive interstate commerce affecting 729 customers across 43 states, with damages exceeding $18 million - a fundamentally different scenario from Saxon Fibers' private contract dispute.
>
> Third, the complex corporate structure of Payment Saver LLC, involving multiple layers of LLCs and trust beneficiaries, made pre-filing citizenship discovery impossible, warranting equitable consideration.

(DE 51 at 2.) Turning first to Plaintiff's "equitable consideration" objection, Plaintiff does not dispute that the allegations in his complaint cannot establish diversity

---

[2]     Plaintiff asks that if an amendment is denied this Court "condition any dismissal on a 30-day tolling period to allow refiling[,] and to enter findings that "1. The good faith nature of the original filing; 2. The impossibility of pre-filing LLC citizenship discovery; 3. The systemic barriers to prose refiling; 4. The preservation of substantive rights" (DE 51 at 9.)

jurisdiction under 28 U.S.C section 1332(a). Yet Plaintiff objects because of his pre-filing difficulty concerning citizenship of limited liability companies.

> The Supreme Court has long held "the jurisdiction of the [C]ourt depends upon the state of things at the time of the action brought[.]" *Mollan v. Torrance*, 22 U.S. (9 Wheat). 537, 539, 6 L.Ed. 154 (1824). "This time-of-filing rule is hornbook law (quite literally[]) taught to first-year law students in any basic course on federal civil procedure." *Grupo Dataflux v. Atlas Global Group*, L.P., 541 U.S. 567, 570–71, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). "It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Id.* at 571, 124 S.Ct. 1920.

*Dabeck v. WESCO Int'l, Inc.*, 702 F. Supp. 3d 431, 438–39 (D.S.C. 2023). "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. Thus, an LLC's members' citizenship must be traced through however many layers of members there may be." *Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649, 651 (D.S.C. 2012) (internal citations omitted), citing *Gen. Tech. Apps., Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir.2004). Plaintiff offers no authority granting this Court discretion to suspend these rules, and so his "equitable consideration" objection is overruled.

As for Plaintiff's objection arguing that constitutional claims should bar a technical forfeiture of his complaint on jurisdictional grounds, Plaintiff offers no authority for this imprimatur. Federal district courts are courts of limited subject matter jurisdiction. "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *United States v. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2008). As such, "there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th

Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 327, 16 S. Ct. 307, 40 L. Ed. 444 (1895)). Indeed, when the existence of subject matter jurisdiction over a claim is challenged under Fed. R. Civ. P. 12(b)(1), "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). If subject matter jurisdiction is lacking, the claim must be dismissed. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Accordingly, Plaintiff's objection is overruled.

Lastly, Plaintiff objects to the Report's reliance on *Saxon Fibers, LLC v. Wood*, 118 Fed.Appx. 750, (4th Cir. 2005) (citing *Whitmire v. Victus, Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000)), when it addressed Plaintiff's attempt to establish jurisdiction with a new cause of action under the Lanham Act, 15 U.S.C § 1125(a). The Fourth Circuit in *Saxon Fibers* said,

> The parties agree that a plaintiff may not use 28 U.S.C.A. § 1653 (West 1994) or any other means to obtain leave of court to amend a complaint to allege a federal cause of action not previously pled when the court had no jurisdiction over the original complaint. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 831–32, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); *Advani Enters. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir.1998); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir.1985). Such a proposition makes sense, considering that a court without subject matter jurisdiction lacks authority to grant a party's amendment motion.

*Saxon Fibers, LLC. v. Wood*, 118 F. App'x at 752. Even still, Plaintiff argues his circumstances are unique because, among other things, the statute of limitations bars his right to refile this action. Therefore, an amendment to his pleadings is his only

6

recourse, unlike *Saxon Fibers, LLC*. Even so, federal district courts are courts of limited subject matter jurisdiction, and "[t]hey possess only the jurisdiction authorized them by the United States Constitution and by federal statute[,]" *United States v. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2008). The Constitution does not authorize Plaintiff's request even under the harsh outcome he articulates. Therefore, his objection is overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 48) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction. Given the Court's ruling, the Court lacks jurisdiction to entertain Plaintiff's alternative relief. *See* n.2.

**IT IS SO ORDERED.**

Florence, South Carolina
December 19, 2024

Joseph Dawson, III
United States District Judge